GEORGE F. CRISTMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cristman v. Commissioner
Docket No. 13518-78.
United States Tax Court
T.C. Memo 1980-491; 1980 Tax Ct. Memo LEXIS 93; 41 T.C.M. (CCH) 298; T.C.M. (RIA) 80491; October 29, 1980, Filed George F. Cristman, pro se. Thomas N. Thompson, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined deficiencies in petitioner's income tax for the calendar years 1975 and 1976 in the amounts of $796 and $2,212, respectively. One of the issues raised by the pleadings has been conceded by petitioner leaving for our decision only whether petitioner is entitled to deduct as business expenses for travel away from home an amount in excess of the amount allowed by respondent in 1975 and any amount in 1976. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner, who resided in Cascade, Montana, at the time of the filing of his petition in this case, filed joint Federal income tax returns with his wife, *94 Etta Cristman, for the calendar years 1975 and 1976. Petitioner, during the years here in issue and for some time prior thereto, worked as a pipe fitter-welder on various construction projects. Until June 1972 petitioner and his wife and children lived in Cascade, Montana. When petitioner could no longer find work in the area of Cascade, Montana, he and his family moved to Pueblo, Colorado, and in March 1973 they moved to Clifton, Colorado, which is near Grand Junction, Colorado. Petitioner worked in the area of Grand Junction, Colorado, until 1975. During 1975 and 1976 petitioner maintained the residence in Clifton, Colorado, for his family. However, during the years 1975 and 1976, petitioner's employment was outside of the Grand Junction, Colorado area. The following schedule shows the places of petitioner's employments, the name of his employers, and the dates of his employment from November 15, 1974 to October 31, 1977. Situs of Job
Employer
Dates of Employment
Hayden, Colo.
Stearns - Roger, Inc.
11-15-74 to 4-23-75
Hayden, Colo.
Stearns - Roger, Inc.
6-24-75 to 8-27-75
Gypsum, Colo.
Cobb Plumbing & Heating
9-9-75 to 9-26-75
Craig, Colo.
Lakewood Piping
10-9-75 to 10-31-75
(Western Paving Constr.
Co.)
Craig, Colo.
Schmidt - Tiago
12-15-75 to 12-17-75
Craig, Colo.
NPS Construction
12-12-75 [1] to 10-31-77
*95 In October 1977 petitioner had a heart attack and was no longer able to work in the construction field. The employment petitioner took with NPS Construction Company (NPS) on December 17, 1975, was for work on a power plant. At the time petitioner accepted this employment there was no expected termination date of his employment with NPS. From petitioner's experience he expected his work at the power plant to continue for approximately three years although at times while he was working on underground work other parts of the construction would be behind the type of work petitioner would be doing and he would be laid off for short periods. In 1976 petitioner became a foreman and prior to his heart attack in 1977 he had become a general foreman. Petitioner considered living expenses in this Craig, Colorado, area to be so high that he did not feel he could afford to move his family to that area. Also, he did not consider the area a desirable place for his family to live. Petitioner, for these reasons, obtained a room for himself in Gypsum, Colorado, while working at NPS and incurred expenses *96 for room and board in Gypsum during the entire time he worked for NPS in Craig, Colorado. The union contract under which petitioner worked provided for a subsistence allowance to be paid by employers to workers doing the type of work petitioner did. In 1975 the payment was $10 a day and the amount was increased thereafter. During the year 1975 petitioner received subsistence payments in the following amounts from the employers indicated: Lakewood piping
$ 126
Schmidt - Tiago
42
Cobb Plumbing & Heating
258
Stearns - Roger,Inc.
1,426
Total
$1,852
During the year 1976 petitioner received subsistence payments of $2,724 from NPS. On his income tax return for 1975 petitioner reported as income the $1,426 subsistence allowance received from Stearns - Roger, Inc., but did not report the balance of the subsistence allowances received in that year as income and he did not report his subsistence allowances received from NPS in 1976 as income. Petitioner's failure to report these amounts was because he thought the amounts were included on the Forms W-2 furnished him by his employers. On his Federal income tax return for 1975 petitioner claimed a deduction *97 for meals and lodging expenses of $5,675 based upon 227 travel days away from home. For 1976 he claimed a deduction of $8,150 for meals and lodging expenses based upon 326 days away from home. Respondent in the notice of deficiency to petitioner for 1975 disallowed $3,823 of the deduction for travel expenses away from home claimed by petitioner and increased petitioner's income by the $426 of subsistence payments which he had not included in his reported income. For the calendar year 1976 respondent disallowed the entire $8,263 deduction for travel expenses away from home claimed by petitioner and increased petitioner's income by the $2,724 subsistence payments petitioner had received and failed to include in income. At the trial petitioner conceded that the $426 of subsistence allowances in 1975 and the $2,724 received in 1976 were properly includible in his income but claimed that he was entitled to the entire deductions claimed for travel expenses away from home in each of these years. OPINION Respondent takes the position that petitioner has failed to show that the traveling expenses he incurred during 1975 and 1976 were ordinary and necessary business expenses for travel *98 away from home in connection with his trade or business. In the alternative, respondent contends that petitioner has totally failed to substantiate any amount of the expenses he claimed to be deductible in accordance with the requirements of section 274, I.R.C. 1954. [2] Petitioner testified that when he was first contacted by the Internal Revenue Service with respect to substantiation of his travel expenses, he started looking for receipts and could not find any. He stated that he believed that all of his receipts and records must have been lost when he moved from Clifton, Colorado, to Cascade, Montana, after he was retired from work because of his heart attack. This Court has held in numerous cases that in order for travel expenses to be deductible the travel in connection with which the expenses are incurred must be necessary in the trade or business of the taxpayer. Where a taxpayer's employment at a place away from the residence of the family is temporary, it has been held that the taxpayer may be away from home within the meaning *99 of the statute and that the expenses of his travel may be necessary in his trade or business. However, when a taxpayer's work at a place other than the residence of his family is indefinite as distinguished from temporary, he is not entitled to deduct his expenses since it is his personal choice to have his family reside in a place other than the place in which he is employed.Under these circumstances the travel is not a necessity of his business but a result of his personal choice. See Kroll v. Commissioner, 49 T.C. 557, 561-562 (1968), and cases there cited. There is little evidence in the record as to the nature of petitioner's employment during the year 1975.However, from the number of places at which he worked during this year, it would appear that his work at each place was temporary. For this reason in 1975 petitioner would be entitled to deduct the ordinary and necessary expenses of his travel away from home while working at these various locations if he were able to substantiate those expenses in accordance with the provisions of section 274. Respondent did not disallow the total amount claimed by petitioner as a deduction for travel expenses in 1975 *100 but in fact allowed him to deduct those expenses to the extent of the $1,852 of subsistence allowances he received from his employers. Petitioner has totally failed to substantiate the amount of the expenses he incurred in 1975 and therefore is not entitled to deduct any amount in excess of the amount allowed by respondent because of failure to comply with the substantiation requirements of section 274. The record here indicates that petitioner's employment with NPS in 1976 was indefinite rather than temporary. It was for personal reasons that petitioner chose not to move his family to Craig, Colorado. For this reason no amount of petitioner's expenses in Gypsum, Colorado, is properly deductible. Also petitioner had totally failed to substantiate, within the requirements of section 274, any expenses which he incurred for travel in 1976. Decision will be entered for the respondent. Footnotes
1. This is the stipulated date but obviously the date was intended to be 12-17-75.↩
2. Unless otherwise stated, all statutory references are to the Internal Revenue Code of 1954 as amended and in effect in the years in issue.↩